UNITED STATES DISTRICT COURT
                         DISTRICT OF MARYLAND

| CHAMBERS OF | 101 W. LOMBARD STREET |
|---|---|
| PAUL W. GRIMM | BALTIMORE, MARYLAND 21201 |
| UNITED STATES MAGISTRATE JUDGE | (410) 962-4560 |
| | (410) 962-3630 FAX |

November 26, 2012

Paul R. Schlitz, Jr., Esq.
Mering & Schlitz, LLC
343 North Charles Street
Baltimore, MD  21201

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

    **Re: Cynthia Harris v. Michael J. Astrue, Commissioner of Social Security, PWG-10-3288**

Dear Counsel:

    Pending before the undersigned, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Harris' claim for Supplemental Security Income ("SSI"). (ECF Nos. 9, 18, 19). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

    Cynthia Harris (sometimes referred to as "Ms. Harris" or "Claimant") applied for SSI on August 1, 2008, alleging that she was disabled as of January 1, 2000, due to bipolar disorder, attention deficit disorder ("ADD"), posttraumatic stress disorder ("PTSD"), arthritis, and back problems. (Tr. 137). Her claim was denied initially, and upon reconsideration. (Tr. 61-63). After a hearing held on September 17, 2009, before an Administrative Law Judge Melvin D. Benitz, ("ALJ") her claim was

denied in a decision dated October 7, 2009. (Tr. 17-29). The ALJ found that Ms. Harris' depression, bipolar disorder, ADD, PTSD, degenerative disc disease, and arthritis were severe impairments, but that they did not meet, or medically equal, any of the listed impairments found in the Regulations. (Tr. 19-20). The ALJ also found that Ms. Harris retained the residual functional capacity ("RFC") to perform less than a full range of light work.[1] Based on her RFC, and after receiving testimony from a vocational expert ("VE"), the ALJ found that Claimant was precluded from performing her past relevant work ("PRW"). However based on her RFC, age, education, and the VE's testimony the ALJ found there were jobs that exist in significant numbers that claimant could perform. Accordingly, the ALJ found that she was not disabled. (Tr. 17-29). On August 10, 2010, the Appeals Council granted Ms. Harris' request for review, and entered a decision dated October 7, 2010, in which the Appeals Council adopted mostly all the ALJ's findings whether Claimant was disabled making her case ready for judicial review.[2] (Tr. 1-5, 5-10).

Claimant raises three arguments in support of her contention that the Commissioner's final decision should be

---

[1] The ALJ found Ms. Harris' capacity for a full range of light work was diminished by: she could only sit stand alternately every thirty minutes consistently during an eight hour day; she had to avoid heights and hazardous machinery, ladders, temperature and humidity extremes, dust due to asthma; she could perform no stooping; was limited to simple unskilled jobs SVP of 2, with low stress, low concentration and memory; she was moderately limited in ability to perform activities of daily living, interact socially and maintain concentration, persistence and pace. (Tr. 24).

[2] The Appeals Council disagreed with the ALJ's finding that Ms. Harris had the RFC for work that required "no stooping" in the performance of job duties. (Finding 4). Specifically, the Appeals Council found that since the State Agency examiners found that Claimant was capable of work requiring at least occasional stooping, the Council corrected the finding of Claimant's RFC to include the limitation of occasional stooping and cited Exhibits 4F & 8F. The Council also noted that the ALJ clarified in the hypothetical posed to the VE, that he intended the Claimant to be limited to no prolonged stooping which means no more than once or twice per hour. (Tr. 6).

reversed or, in the alternative, remanded.  The undersigned has considered all of them, and for the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Claimant first argues that the ALJ failed properly to consider the opinions of her treating physicians, Dr. Daniel Howell and Dr. Ukens.  The Commissioner argues that the ALJ considered the doctors' opinions, but properly afforded them minimal weight. *See* Defendant's Memorandum, pp. 9-12.

The opinion of a treating physician is given controlling weight when: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §404.1527(d)(2)).  While treating source opinions on issues reserved to the Commissioner--such as determining a claimant's RFC--are not entitled to controlling weight, the ALJ still must evaluate all of the evidence in the record to determine the extent to which the opinion is supported by it.  Contrary to Claimant's argument, I find that the ALJ adequately discussed the opinions of Dr. Howell and Dr. Uken's and explained why he was according the doctors' reports less than controlling weight. The ALJ noted that their treatment notes did not support their opinions regarding Ms. Harris' functional limitations.(Tr. 25). For example, the ALJ acknowledged Dr. Howell's treatment notes for the period June 2006 through September 2009, during which Oxycontin and Percocet were frequently prescribed for pain. (Tr. 20).  However the ALJ also discussed the lack of any diagnostic imaging or diagnostic evaluations to support the extent of her alleged limitations and the fact there was no specific diagnosis of Ms. Harris' rheumatoid arthritis.  See Exhibits 7-F and 13-F, 14-F.  The evidence of record properly was considered by the ALJ, and his findings are explained and supported by substantial evidence.

Claimant's second argument is that the ALJ erred by failing to reopen her prior claims for benefits.  Specifically, she argues the ALJ held her to a higher standard by requiring her to show good cause before her claims could be reopened.  I disagree. Pursuant to 20 CFR §416.1488, the ALJ was not required to reopen her prior claim because the decision to reopen is "discretionary" and is not subject to review by this Court, absent a colorable constitutional claim. *Hall v. Chater*, 52 F.3d 518, 520 (1995).  Furthermore Claimant does not argue--nor does

the undersigned find-- that Claimant has demonstrated a colorable constitutional claim. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed. 2d 192 (1977)..

Claimant's third, and final, argument is that the Appeals Council's action in correcting the ALJ's RFC finding was adversarial in nature and ineffectual. This argument is without merit. While acknowledging the Councils' action in altering the ALJ's RFC finding to comport with the medical evidence was correct, Claimant also alleges without any foundation that the Council did a "slipshod job". See Plaintiff's Mem. (ECF No. 18, p. 9). Claimant has not cited, nor does the Court find, any evidence to support her contention that the Council acted in an unfair or partial manner as alleged.

In sum, the ALJ's decision is supported by substantial evidence and must be affirmed. Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment and DENIES Claimant's Motion. A separate Order shall issue.

                            Sincerely,

                            /s/
                            Paul W. Grimm
                            United States Magistrate Judge